UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.: _____

IN RE:

PETITION OF STEVEN SAWYER, as titled owner of and for the "PIECES OF A DREAM", a 1997 36' MAINSHIP, hull identification number MPC34066C797, her engines, tackle, and appurtenances, for Exoneration from or Limitation of Liability,

_____Petitioner._____/

## PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioner, STEVEN SAWYER (hereinafter "Petitioner"), as titled owner of the M/Y "Pieces of a Dream", a 1997 36' MAINSHIP, hull identification number MPC34066C797, her engines, tackle, and appurtenances (the "Vessel"), files this Petition for Exoneration from and/or Limitation of Liability pursuant to § 30501 *et seq.* of Title 46 United States Code, Supplemental Rule F and Local Admiralty Rule F, and, in support thereof states as follows:

1. This is a claim within the admiralty and maritime jurisdiction of this Court, as hereinafter more fully appears.

2. Subject matter jurisdiction arises under 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et seq*.

3. This is a claim within the admiralty and maritime jurisdiction of this Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4. The events, acts and circumstances giving rise to this action allegedly occurred over navigable waters of the United States, at or near the Pensacola Shipyard, Pensacola, Escambia County, Florida.

5. Petitioner seeks exoneration pursuant to Supplemental Rule F(2) and, in alternative, seeks to claim and invoke the rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46, U.S. Code Section 30501 *et seq*.

6. At all times pertinent hereto, the Vessel was owned by the Petitioner at the time of the below described incident.

7. At all times material prior to the incident, Petitioner exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for his intended operations.

8. At all times material hereto Petitioner was qualified, properly trained, and experienced in the use and operation of the Vessel and was not negligent.

9. On or about September 16, 2020, the Vessel was docked in its slip at Pensacola Shipyard in Pensacola, Florida, when Hurricane Sally came ashore resulting in damage to the Vessel, and the docks at the marina (the "Incident").

10. The Vessel is alleged to have been in navigable waters at the time of the Incident.

11. The Vessel was physically damaged.

12. Petitioner is the owner of the Vessel.

13. Petitioner was not on board the Vessel at the time of the alleged Incident.

14. As a result of the alleged Incident, FDC Holdings, Inc. d/b/a Pensacola Shipyard (hereinafter, "Pensacola Shipyard"), has, will, or may make a claim for damages from Petitioner.

15. Petitioner is otherwise unaware of any other current demands, written notices, actions or proceedings as a result of the Incident.

## COUNT I - EXONERATION

16. Petitioner reasserts and re-alleges each and every allegation set forth in paragraphs one (1) through fifteen (15) above as if more fully set forth at length herein.

17. At all times material prior to the alleged Incident, Petitioner exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip,

outfit and supply the Vessel with suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for his intended operations.

18.     The Vessel was, at all times relevant to the alleged Incident described herein, completely seaworthy and free of any defect or deficiency in her hull, equipment and machinery.

19.     Petitioner employed regular inspection practices to ensure the Vessel was properly equipped and outfitted at all times material to the subject Incident.

20.     There was no negligence on the part of the Petitioner that caused or contributed to any alleged injury or loss or damage sustained by Pensacola Shipyard or any other potential claimant herein.

21.     At all times material hereto, Petitioner exercised reasonable care under the circumstances.

22.     The Vessel at all times material to this action was reasonably manned, utilized and operated.

23.     Pursuant to Supplemental Rule F, Petitioner alleges that he is entitled to exoneration as the damage sustained by Pensacola Shipyard or any other potential claim arising from the Incident was not the result of any fault or neglect attributable to Petitioner.

WHEREFORE, pursuant to the provisions of Supplemental Rule F(2), Petitioner must be exonerated from all fault and legal responsibility for said incident.

### COUNT II – LIMITATION OF LIABILITY

24. Petitioner reasserts and re-alleges each and every allegation set forth in paragraphs one (1) through twenty-three (23) above as if more fully set forth at length herein.

25. Pursuant to 46 U.S.C. §§ 30505 and 30511, Petitioner, in the alternative, is entitled to limitation to the amount or value of the interest of said Petitioner in the Vessel following the Incident resulting in property damages or other potential claims arising from the Incident as the Incident occurred without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. § 30505.

26. The Vessel was within the jurisdiction of this Court at the time of the Incident.

27. Petitioner avers the value of the Vessel at the time of the Incident is no more than Zero Dollars and Zero Cents ($0.00) as reflected in the Ad Interim Stipulation of Value and Stipulation for Costs filed with this Court.

WHEREFORE, Petitioner prays:

a. This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or

        incurred by reason of the events described in this Petition, citing them to appear and answer the allegations of this Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b.   This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the Incident as set forth in this Petition, except in the present proceeding;

c.   This Honorable Court approve the Ad Interim Stipulation for Value filed with the Court as security for the potential claims subject to the Claimants' right to challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

d.   This Honorable Court adjudge and decree:

    i.   That Petitioner is not liable to any extent, but is exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the Incident; or

    ii.   That if the Petitioner shall be judged liable, then such liability shall be limited to the value of his interest in the Vessel immediately following the Incident and be divided in

accordance with the Claimants as may duly prove their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging Petitioner of all further liability;

e. That Petitioner may have such other and further relief as this Court deems just and proper.

Dated: February 16, 2021.

        Respectfully submitted,

        **DAVANT LAW, P.A.**
        *Attorneys for Petitioner*
        12 Southeast 7th Street, Suite 605
        Fort Lauderdale, FL 33301
        Telephone: (954) 414-0400

By: */s/ Charles S. Davant*
     Charles S. Davant
     Florida Bar No. 15178
     csd@davantlaw.com
     Melaina D. Haisfield
     Florida Bar No. 20933
     mdh@davantlaw.com