UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
IN ADMIRALTY

IN THE MATTER OF THE PETITION
OF STEVEN SAWYER,                                  Case No. 3:21cv247-MCR-EMT
AS TITLED OWNER OF AND FOR THE
PIECES OF A DREAM A 1997 36' MAINSHIP
 HULL IDENTIFICATION NUMBER
MPC34066C797 HER ENGINES TACKLE
AND APPURTENANCES FOR EXONERATION
FROM OR LIMITATION OF LIABILITY,

    Petitioner.
_____/

## ORDER

Pending in this admiralty action, brought pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*., is Petitioner's Motion for Entry of Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction.  ECF No. 5.  The stipulated value is zero dollars, and thus no security is deposited with the Court.  However, the allegations of the Complaint do not plausibly support this valuation.  The Complaint alleges that the owner exercised due diligence to keep the vessel seaworthy and that on September 16, 2020, while the vessel was docked, Hurricane Sally came ashore and "physically damaged" the vessel.  ECF No. 1.  There is no allegation that the vessel sunk, was lost, or is completely destroyed—only that it was physically damaged.

Moreover, "[t]he posting of proper and adequate security is a condition precedent to obtaining the benefits of [the Act], and [a] district court [has] discretion to require the [owners] to post security in one of the approved forms." *Matter of Paradise Family, LLC*, No. 8:20CV-1452-T-02CPT, 2020 WL 3512809, at *1 (M.D. Fla. June 29, 2020) (quoting *New York Marine Managers, Inc. v. Helena Marine Serv.*, 758 F.2d 313, 317 (8th Cir. 1985)) (alterations in original); *see also Luhr Bros. Inc. v. Gagnard*, 765 F. Supp. 1264, 1268 n.4 (W.D. La. 1991) ("The court possesses great discretion in determining just what constitutes appropriate security."). A letter of undertaking from a surety is "customarily offered by petitioners who opt to post security in lieu of depositing cash into the court's registry." *Matter of Paradise Family,* 2020 WL 3512809, at *2 (citing *In the Matter of Carpe Diem 1969 LLC*, 2018 WL 1463687, at *2 (D. V.I. Mar. 23, 2018), as stating, *ad interim* stipulations should require "at the very least" a letter of undertaking "executed by an appropriate surety" in order to "provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust"). Once the vessel owner complies with the provision to provide adequate security pursuant to Rule F(1), the Court is authorized to stay all proceedings against the owner related to the matter in question and to direct all potential claimants to file their claims within a specified time. Rule F(3),(4), Supp. R. for Certain Admiralty and Maritime Claims.

CASE NO. 3:21cv247-MCR-EMT

Having reviewed the Complaint, the Court finds that the factual allegations of "physical damage" are insufficient to support a plausible valuation of zero dollars, and therefore, the motion for stipulation of value will be denied without prejudice. Petitioner is given leave to either amend the factual allegations of the Complaint or stipulate a value that the allegations support and provide security through a letter of undertaking, or bond, at 6% per annum, as required under Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

Accordingly, Petitioner's Motion for Entry of Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction, ECF No. 5, is **DENIED** without prejudice.  Petitioner has fourteen (14) days to file an amended Complaint with factual allegations to support a plausible valuation of zero dollars or to provide an amended stipulation for value together with a letter of undertaking, or bond, at 6% per annum, and a renewed motion to approve the stipulation.

**DONE AND ORDERED** this 22nd day of February 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:21cv247-MCR-EMT