UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

| | |
|---|---|
| In re: Petition of STEVEN SAWYER, as titled owner of and for the "PIECES OF A DREAM," a 1997 36'-MAINSHIP, hull identification no. MPC34066C797, her engines, tackle, and appurtenances, for Exoneration from or Limitation of Liability,<br><br>Petitioner. | Case No. 3:21-cv-00247-MCR-HTC |

### *AGREED* MOTION TO STAY CASE TO ACCOMMODATE MEDIATION

Interested Party/Anticipated Claimant, FDC Holdings, Inc. d/b/a Pensacola Shipyard (the "Shipyard"), pursuant to Northern District of Florida Local Rule 6.1 and through undersigned counsel, moves to stay this proceeding as to the Shipyard to accommodate mediation efforts agreed to by the parties. In support, the Shipyard states as follows:

1.  This case is one of fourteen related cases[1] in this District filed by counsel for Petitioner that arise from alleged physical damage to the Shipyard and vessels docked at the Shipyard when Hurricane Sally came ashore (collectively, the "Related Cases"). The petitioners in the Related Cases allege to be owners of certain

---

[1] The case numbers for all fourteen Related Cases are as follows: N.D. Fla. Case Nos. 3:21-cv-175, 3:21-cv-176, 3:21-cv-200, 3:21-cv-201, 3:21-cv-202, 3:21-cv-203, 3:21-cv-204, 3:21-cv-205, 3:21-cv-206, 3:21-cv-207, 3:21-cv-208, 3:21-cv-243, 3:21-cv-245, 3:21-cv-247.

1

of those vessels.

2. The Petitioner in this matter (and, indeed, each petitioner in the Related Cases, who are collectively referred to as the "Limitation Petitioners") has alleged that it is entitled to exoneration from, or limitation of, liability pursuant to 46 U.S.C. §§ 30501, *et seq.* (the "Limitation Act"), for the physical damage incurred by the Shipyard during Hurricane Sally.

3. While the Shipyard's position is still being investigated and developed, the Shipyard believes that a temporary stay of the action—as to the Shipyard only—to accommodate an early mediation between the Shipyard and the Limitation Petitioners is warranted.

4. The parties have agreed to the early mediation and have already selected a mediator and chosen a mediation date of April 28, 2021. The mediation has the potential to dispose of all claims and issues that could be asserted in this action or in the Related Cases and the parties' coordinated efforts are in the interests of judicial efficiency. As such, the Shipyard respectfully requests a stay of this matter to accommodate the parties' mediation efforts.

5. If the mediation proves unsuccessful, the Shipyard will request that its deadline to respond to the Limitation Petition (Doc. 1) and assert any claims on its behalf be reset for a period of 14 days after the Court is notified of the status of the mediation.

6.	The Court is empowered with "inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of a case." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscaping Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)). The Court may exercise its discretion to issue stays, including stays to permit (or even require) mediation. *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.,* 524 F.3d 1235, 1241 (11th Cir. 2008). *See also* N.D. Fla. L.R. 6.1 (the "Court may continue a trial, hearing, or other proceeding").

7.	The parties agree that mediation of this case (and all the Related Cases) would be beneficial in preserving the parties' and the Court's resources, and that the Court is empowered to stay all deadlines in this action pending the outcome of the mediation. *See, e.g., K&H Dev. Grp., Inc. v. Howard*, No. 3:06-cv-494-MD, 2008 WL 2813191, at *1 (N.D. Fla. July 18, 2008) (noting the court's willingness to stay deadlines for dispositive motions and responses to facilitate mediation).

WHEREFORE, FDC Holdings, Inc. d/b/a Pensacola Shipyard respectfully requests that the Court impose a stay of all deadlines in this proceeding to accommodate mediation; and, if mediation proves unsuccessful, an order providing the Shipyard 14 days to respond to the Limitation Petition and assert its claims; and for such further relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Northern District of Florida Local Rule 7.1(B), the undersigned certifies that she conferred with counsel for Petitioner, who has advised that Petitioner does not oppose the relief requested herein.

Dated:       April 14, 2021                              Respectfully submitted,

**CARLTON FIELDS, P.A.**

By: */s/ Amy M. Bowers*
Scott A. Richards (FBN: 72657)
200 S. Orange Ave., Ste. 1000
Orlando, FL 32801
Tel.: (407) 244-8226
Fax: (407) 648-9099

Amy M. Bowers (FBN: 105755)
2 MiamiCentral
700 NW 1st Ave., Ste. 1200
Miami, FL 33136
Tel.: (305) 539-7205
Fax: (305) 530-0055
E-Mail: srichards@carltonfields.com
abowers@carltonfields.com
cguzman@carltonfields.com
miaecf@cfdom.net